

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NF
**FILED**

MAY 08 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PORTFOLIO MANAGEMENT )
PARTNERS, LLC, )
DENNIS A. BREBNER, )
CONOR LONG, AND DENNIS A. )
BREBNER & ASSOCIATES )
    Plaintiff )
     )
v. )
     )
MARIO KRIS KASALO )
    Defendant )
     )

13cv3447
Judge Charles R. Norgle, Sr
Magistrate Susan E. Cox

Case No.:

Judge:

## COMPLAINT

NOW COMES the Plaintiff, Portfolio Management Partners, LLC, Dennis A. Brebner and Conor Long, by and through its attorneys, Dennis A. Brebner & Associates, and complaining of Defendant, Mario Kasalo, alleges and states as follows:

### VENUE AND JURISDICTION

1.     Venue in this District is proper because Defendant conducts business in this district and Defendant's client filed suit against Plaintiff in this Court.

### PARTIES

2.     Plaintiff Portfolio Management Partners, LLC (hereinafter "PMP") is a validly licensed Sales Finance Agency and Collection Agency in the State of Illinois. It is authorized and does extend loans and purchases loan portfolios including delinquent loans and defaulted loans.

3.     Plaintiff Dennis A. Brebner is sole managing shareholder for Plaintiff PMP.

4.     Plaintiff Conor Long is an employee of Dennis A. Brebner.

5.     Mario Kris Kasalo is an attorney licensed to practice law in Illinois. Kasalo is engaged in the business of representing consumers in this State by filing lawsuits against creditors on alleged violations of the Fair Debt Collection

Practices Act, 15 U.S.c. §1692 et seq. ("FDCPA") and related consumer protection statutes.

## FACTS

6.  Plaintiff PMP was assigned a debt portfolio from CDB Acquisitions and was also contracted to obtain payments or repayment on the assigned outstanding debt which included credit card debt.

7.  On February 1, 2012, the account for Kevin Kurkjian, was assigned to Plaintiff PMP for such purposes.

8.  Kurkjain had an outstanding credit card debt to Chase Bank USA in the amount of $34,499.97. Documentation supporting that was provided to PMP and is attached hereto as Exhibit A.

9.  Plaintiff PMP sent out a letter to Kevin Kurkjian identified as a borrowers on the credit card stating as follows:

> Please be advised that the loan with the original creditor and account number listed above has been assigned to Portfolio Management Partners, LLC (PMP, LLC), an Illinois Licensed Sales Finance Agency and Collection Agency.
>
> The balance on the account is past due and we are requesting that the amount be paid or that you contact us to establish repayment on the outstanding balance.
>
> Unless you dispute the validity of this debt, or any portion thereof within 30 days of the receipt of this letter, we will assume the debt to be valid. If you notify us in writing within the 30-day period that you dispute the debt, we will obtain verification of the debt and mail you a copy. Upon your written request within the 30-day period we will provide you the name and address of the original creditor if different from the current creditor.
>
> This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
>
> To discuss this account, contact Randy Johnson at (855) 244-4116 Ext. 8559 Monday through Thursday 8:00 am to 8:00 pm and Friday 8:00 am to 5:00 pm (CT).
>
> PMP, LLC

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

10. Plaintiff, Conor Long, was assigned to contact Kurkjian regarding the outstanding balance and directed to contact Kurkjian through correspondence and a phone call.

11. On March 21, 2012, Kurkjian contacted Plaintiff Long regarding the debt. Kurkjian was given a statement of his rights and was advised this was a call from a debt collector. Kurkjian advised Plaintiff Long that he wanted a letter regarding the debt sent to his new address. A copy of the letter is attached as Exhibit A.

12. On March 28, 2012, Kurkjian contacted Plaintiff Long and asked that the letter that was mailed to him on March 21, 2012 faxed to his girlfriend's fax number of 312-236-5913 and that he will be standing by the fax machine to accept the letter. Plaintiff Long advised he did not believe that this was a good idea, but Kurkjian insisted.

13. On April 6, 2012, at approximately 10:08 a.m. Kurkjian sent a fax to Plaintiff Long asking for more information regarding the debt. Plaintiff Long contacted Kurkjian regarding his request for additional verification of the debt and Kurkjian advised Plaintiff Long to mail verification to his home. Plaintiff Long mailed all verification of the debt to Kurkjian as requested.

14. On April 6, 2012, at approximately 1:04 p.m., Plaintiff Long received a fax from Kurkjian requesting no more contact to be made except for proof of debt. All activity was suspended on the account.

15. On April 16, 2012 Plaintiff Long received a call from Attorney Mario Kasalo. Kasalo, among other questions, stated that the debt was owned by Federal Pacific and requested proof that Plaintiff PMP has been assigned the debt.

16. Plaintiff Long referred the matter to Plaintiff, Dennis Brebner, for review and additional follow up with Defendant Kasalo.

17. Plaintiff Dennis Brebner contacted Federal Pacific who advised Plaintiff Brebner that the account had been closed back to Chase several months prior

and Federal Pacific no longer had any interest in the debt or performing any collection on the account. Plaintiff Brebner advised Kasalo of the information he received.

18. The account was subsequently closed at the request of original creditor.

19. Dennis A. Brebner then contacted Mario K. Kasalo and advised him of the conversation with Federal Pacific and asked if he required any additional information. Nothing further was requested.

### Count I

20. Plaintiff incorporates paragraphs 1-19.

21. Mario Kris Kasalo is a frequent filer of Fair Debt Collection Protection Act ("FDCPA ") complaints. *See Tommy Kasalo v. NCSPLUS Incorporated and Gary C. Cooke 10 C 1643.* Kasalo has filed 115 FDCPA cases since 2009 alleging various violations of the Fair Debt Collection Practices Act and related consumer protection nlawsuits.

22. Mario Kris Kasalo obtains cases through direct solicitation of prospective clients on electronic websites. Attached to this Complaint and made a part of this as Exhibit B are copies of several pages from a website called www.whocallsme.com. This site has been set up on information and belief by consumer attorneys or others acting on their behalf to obtain clients to potentially sue companies and law firms for alleged FDCPA violations.

23. The exhibit attached shows a chain of posts by individuals in debt trying to determine what collection agency or law firm is calling them. The exhibit shows a series of posts concerning a company called MiraMed Revenue Group. The name of the first person posting was identified as calling about MiraMed Revenue Group subsequently other callers also calling about the same number and MiraMed Revenue Group were grouped together in the same posting chain. These callers posting about the number were also told these calls were from MiraMed and its associated law firm Pellettieri & Associates.

24.     After several of those posts identifying consumers with calls from MiraMed Group, Defendant Kasalo posted a response to the web site chain that states in its entirety:

**Mario Kasalo, Esq.**

15 Oct 2009

We sue debt collectors......

Anyone getting calls or collection letters from MiraMed call me at 773 847 2600 for a free legal review of your case. Fax letters to 773 847 0330.

25.     There are several more posts after Defendant Kasalo's post also in reference to MiraMed.  After the posts there is a post by Rob Harrer  that states:

**Rob Harrer** replies to <u>Chris</u>

7 Apr 2012

Call Mario Kasalo at 773 573 9199 he has sued MIRAMED repeatedly for FDCPA violations. He is located in the Chicago Loop---he has represented me repeatedly with great results.

Defendant Kasalo continues to use www.whocallsme.com and solicits his services from prospective clients under another agency's phone number, see Exhibit C attached hereto and made a part hereof:

•     **Mario Kasalo, Esq.**

24 Mar 2010

We sue debt collectors.....we are looking for aggrieved individuals who are being harassed by this company...........773-847-2600. Free case review.

26.     Defendant Mario Kris Kasalo also solicited prospective clients on other electronic websites similar to www.whocallsme.com.   Attached to this Complaint and made a part of as Exhibit D are copies of several pages from a website called www.complaintsboard.com.  The complaint board shows posts regarding an agency called Apex Financial Management with a caption that

states "Apex Financial Management Complaints & Reviews – Debt collection sucks!".   The following posts attached are from consumers regarding complaints against Apex Financial Management.  In the posts is the following post from Kasalo directly responding to consumers and potential clients:

13th of July, 2009 by Mario K

Fedup: call me at 773 847 2600 to discuss filing a complaint in Fed court vs. Apex…Mario Kasalo, Esq.

27.     Defendant Kasalo directly solicited from another similar website in addition to www.whocallsme.com and www.complaintboard.com for prospective clients. Attached to this Motion and made a part of this as Exhibit E are copies of several pages from a website called www.callerreview.com which again posts comments from consumers with complaints about collection agencies and collection law firms Defendant Kasalo posts the following:

| | | | |
|---|---|---|---|
| 571-431-1840 | Mario Kasalo, Esq | Mar 24 2010 | Call for free case evaluation for your collector harassment problem.<br>773-847-2600.<br>No fee unless you win! |

28.     Defendant Kasalo trolls web sites for prospective clients.  All of the posts to the participants on web sites dedicated to complaints by debtors on Collection Agencies and Collection Law Firms are communications to prospective clients.  Defendant Kasalo's postings will be seen by everyone else accessing the site also looking for information and possible legal services.  The number of prospective clients could number in the hundreds or thousands who access the site looking for assistance with their consumer debts.

29.     The postings from Rob Harrer is an indication that Defendant Kasalo has also obtained the cooperation of someone who is claiming to have had great results.  This is similar to the lawyer who sends out agents to solicit and sign up prospective clients with the promises of financial gain.

30. Based on Plaintiff's own experience alleges on information and belief that Kasalo conspires with his "clients" not only to proceed against debt collectors for violations of the FDCPA that have occurred but to also work with, construct and create violations for purpose of obtaining settlement money out of Debt Collectors and Collection law firms.

31. Plaintiffs on the basis of information and belief that Defendant Kasalo created the letters sent by Kurkjian to Plaintiffs, scripted and coached Kurkjian, his client, on telephone calls to Plaintiffs in this case, coached his client to direct or to illicit information that could be used to allege violations of the FDCPA. The calls and letters directed to Plaintiffs were not those from an unsophisticated consumer but from Defendant Kasalo, a lawyer with a professional focus on FDCPA cases.

32. On information and belief Defendant Kasalo engages in the manufacture of alleged legal violations with his client to file litigation to obtain settlement or judgments from Plaintiffs.

33. Defendant Kasalo's conduct is dishonest, fraudulent, deceitful and involves misrepresentation of his role.

34. Defendant Kasalo has shown a pattern of this conduct. Kasalo improperly solicits perspective clients both personally and by having former clients post on web sites to solicit for his services. Once he obtains a "client" Defendant Kasalo then works with the client to set a trap to manufacture alleged violations of the FDCPA. He files a case looking for a quick settlement from Defendants aware that any attempt to defend the case no matter how frivolous or minor the alleged violation will involve high defense costs and statutory damages for even the smallest technical violation of the Act.

35. Plaintiffs have suffered emotional distress, anxiety, and confusion as the result of Defendant's actions.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Kasalo for the following:

    a. Actual damages suffered by the Plaintiffs;

    b. Plaintiff's Attorney fees and costs; and

    c.  Any other relief deemed appropriate by this Court.

## COUNT II

36.    Plaintiffs incorporate paragraphs 1-35.

37.    Defendant Kasalo and his client Kurkjian have actively participated in manufacturing of this case against Plaintiffs. Defendant Kasalo in addition to coaching his client had also draw up and assisted in drawing up correspondence, Defendant Kasalo has personally contacted the Plaintiffs including, Conor Long and Dennis Brebner.

38.    Plaintiffs suffered emotional distress, and confusion from Defendant's actions.

39.    Plaintiffs professional and business reputation has been damaged by the actions brought forth by Defendant.

40.    Plaintiffs have incurred cost and expenses in defending these false allegations.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant Kasalo for the following:

    a)    Actual damages suffered by the Plaintiffs;

    b)    Plaintiff's Attorney fees and costs; and

    c)    Any other relief deemed appropriate by this Court.

Respectfully submitted,

Dennis A. Brebner

Dennis A. Brebner
860 S. Northpoint Boulevard
Waukegan, IL 60085
(847) 887-8502